UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SOLIDSTRIP, INC. ) | CASE NO. 20-CV-822 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE CROCKER |
| v. ) | |
| ) | |
| US TECHNOLOGY CORP., et al. ) | **DEFENDANTS' MOTION TO DISMISS** |
| ) | **PLAINTIFF'S COMPLAINT AND/OR** |
| Defendants. ) | **MOTION TO TRANSFER VENUE** |
| ) | **UNDER 28 U.S.C. § 1404** |

Pursuant to Civ. R. 12(b)(3) and as permitted by 28 U.S.C. § 1404, Defendants US Technology Corporation and Raymond Williams (collectively "Defendants"), hereby request this Honorable Court to dismiss this action from its jurisdiction and transfer the same to the United States District Court for the Northern District of Ohio, Eastern Division, based on the doctrine of *forum non conveniens*. The grounds for this motion are set forth more fully in Defendants' Motion in Support attached hereto and incorporated herein.

Respectfully submitted,

/s/Laura L. Mills
Laura L. Mills (0063011)
*Counsel for Defendants US Technology Corporation and Raymond Williams*
MILLS, MILLS, FIELY & LUCAS
101 Central Plaza South, Suite 1200
Canton, Ohio 44702
Phone: (330) 456-0506
Fax: (855) 764-3543
lmills@mmfllaw.com

**MOTION IN SUPPORT**

    I.    **INTRODUCTION**

This action must be dismissed, or in the alternative, transferred from this Court's venue as none of Defendants' alleged actions are tied to the state of Wisconsin. Plaintiff Solidstrip is a Wisconsin corporation and Defendant US Technology is an Ohio corporation. (Complaint ¶¶ 7-8). Solidstrip and US Technology are purportedly the only two approved and qualified suppliers for Type VIII plastic media in the world. (Complaint ¶ 25). Plaintiff now brings this action in resentment of its sole market competitor obtaining more contracts for their similar product. In this action, Plaintiff enjoins multiple Defendants allegedly connected to US Technology's business operations: US Technology's successor company, US Technology Media, an Ohio corporation; US Technology's owner and chief executive officer, Raymond Williams, an Ohio resident; Mark Cundiff, a Georgia resident; Missouri Green Materials, a Missouri corporation; and Missouri Green Materials' owners and officers, Daryl and Penny Duncan, residents of Missouri. (Complaint ¶¶ 9-14).

Throughout its Complaint, Plaintiff cites to various prior federal cases in support of its allegations. Specifically, Plaintiff cites Case No. 5:17-cr-29-LJA in the United States District Court for the Middle District of Georgia, Case No. 5:17-cr-16-MTT in the United States District Court for the Middle District of Georgia, and Case No. 4:17-cr-00189-RWS-PLC in the United States District Court for Western Missouri. (Complaint ¶¶ 87, 103, 107, 125). Among these cases and the remaining allegations, Plaintiff fails to show any substantial ties between Defendants and their alleged conduct and the state of Wisconsin. Venue in this Court must be deemed improper.

2

On September 8, 2020, Plaintiff filed its Complaint bringing forth eight causes of action stemming from Defendants' alleged contractual and business interference and racketeering. On October 14, 2020, Attorney Joshua Lowther filed his Notice of Appearance for Defendants Anthony Giancola and US Technology Media Corporation. On October 22, 2020, Attorney Laura Mills filed her Notice of Appearance for Defendants US Technology Corporation and Raymond Williams, and on the same day, Defendants filed their Motion for Extension of Time to Answer or otherwise Plead to Plaintiff's Complaint as service on Defendants occurred not until October 5, 2020. On October 26, 2020, this Court granted Defendants' Motion, ordering Defendants' Answer due on November 25, 2020, therefore, this Motion is timely.

I. **LAW AND ARGUMENT**

   a. **The Complaint Should Be Dismissed for Improper Venue Under Rule 12(b)(3) and 28 U.S.C. § 1406(a).**

Civ. R. 12(b)(3) allows a defendant to move to dismiss a case if the court where the action was filed is an improper venue to hear the case. In a civil action where subject matter jurisdiction is based on diversity of citizenship, as in this case, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…" *Wins Equip., LLC v. Rayco Mfg., Inc.*, 668 F.Supp.2d 1148, 1151 (W.D. Wis. 2009), quoting 28 U.S.C. §1391(a)(2). Additionally, 28 U.S.C. § 1406(a) permits the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong" or "improper". *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 50, 134 S. Ct. 568, 187 L.Ed.2d 487 (2013). Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue

3

laws. *Id.* Title 28 U.S.C. § 1391, which governs venue generally, states that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought forth in" federal district courts. *Id.*, citing § 1391(a)(1). It then defines districts in which venue is proper. See § 1391(b). If a case falls within one of § 1391(b)'s districts, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).

Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because "all Defendants do business and/or hold themselves open to doing business throughout the United States and, for some Defendants, abroad." (Complaint ¶ 16). Plaintiff further alleges that venue is proper in this district on the same grounds because "some of the acts giving rise to the present action occurred in this district." (Complaint ¶ 17). These allegations are insufficient on their face, and this case should be dismissed based on improper venue under Rule 12(b)(3).

It is without question that Plaintiff is a Wisconsin corporation with its principal place of business in Minocquoa, Wisconsin. (Complaint ¶ 7). However, Plaintiff's contention that proper venue lies in Wisconsin over Defendants because Defendants "do business and/or hold themselves open to doing business throughout the United States" is broad and far-reaching. Beyond page three of its thirty-three-page Complaint, Plaintiff fails to present any factual allegations tying Defendants to the state of Wisconsin. In fact, all of Defendants' alleged acts, omissions, events, or a substantial part thereof giving rise to Plaintiff's claims seem to occur in, or have connections with, the jurisdictions of Ohio, Missouri, or Georgia. (Complaint ¶¶ 26-28[1], 72, 87, 103, 107, 125, 127). Plaintiff neither maintains that a substantial part of property that is the subject of this action is situated in the state of Wisconsin. Because Plaintiff failed to allege that a substantial part of the events related to this case occurred in Wisconsin and the remaining requirements of federal venue

---

[1] Defendant US Technology and Defendant US Technology Media are both Ohio corporations with principle places of business in the state of Ohio.

laws are not satisfied, this case falls outside of § 1391(b)'s districts where venue may be deemed proper. As such, dismissal or transfer pursuant to Rule 12(b)(3) or § 1406(a) is appropriate.

### b. This Case Should Be Transferred to the United States District Court of the Northern District of Ohio.

Should it be found that venue is proper in this Court, 28 U.S.C. § 1404(a) authorizes transfer of this case based on the doctrine of *forum non conveniens*. Under 28 U.S.C. § 1404(a), a court *may* transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217- 219-20 (7th Cir. 1986). The U.S. Supreme Court has held that when a defendant files a § 1404(a) motion, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer. *Atl. Marine Const. Co.*, 571 U.S. at 52. Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum being wrong. *Id.* at 59.

The operative statute places discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 & 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). To determine whether transfer would serve the convenience of the parties and witnesses and promote the interests of justice, this Court considers § 1404(a)'s multifactor balancing test, weighing the public and private interest factors highlighted by the parties: (1) the forum selection clause; (2) the convenience to the parties; (3) the convenience to third party witnesses; and (4) the interests of justice.

In this case, no contractual agreement or business transaction has transpired between Plaintiff and any of the named Defendants, therefore, Defendants need not address the factor of an existing forum selection clause. Defendants review the remaining three factors below.

### a. Convenience of the Parties and Party Witnesses

In the typical case not involving a forum-selection cause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. *Atlantic Marine Const. Co.*, 571 U.S. at 62. Here, because Plaintiff and Defendants are located in different states, no forum is majorly convenient for all.

However, a majority of the defendants in this action reside in or have their principal place of business in the state of Ohio, outlined below:

| Defendant | Residency |
|---|---|
| US Technology Corporation | Ohio |
| Raymond Williams | Ohio |
| US Technology Media Corporation | Ohio |
| Anthony Giancola | Ohio |
| Mark Cundiff | Georgia |
| Missouri Green Materials | Missouri |
| Daryl Duncan | Missouri |
| Penny Duncan | Missouri |

Venue in Wisconsin is convenient to Plaintiff and Plaintiff's witnesses alone. It is without question that the current venue is unsuitable due to the substantial inconvenience imposed on the eight remaining parties in this matter. Additionally, if this Court were to maintain venue in this matter, conflict may arise between all out-of-state Defendants to each avail themselves to appear in these proceedings which may directly affect the speediness of trial. Should venue be transferred to Ohio, where nearly half of the parties reside, the remaining parties need only send one of their agents or representatives to participate in Ohio. Whereas Ohio Defendants alone, due to the nature

of Plaintiff's claims, would need to send multiple representatives along with party witnesses to participate in Wisconsin. In consideration that Defendants' inconvenience of Wisconsin venue heavily outweighs Plaintiff's convenience, forum should be transferred.

### b. Convenience of the Third-Party Witnesses

The convenience of third-party witnesses is an important consideration in determining whether to transfer under § 1404(a) when such witnesses must be compelled to testify by the forum court. *Merrill Iron & Steel, Inc. v. Yonkers Contracting Co.,* 2005 WL 1181952, *3 (W.D. Wis. May 18, 2005). When evaluating whether a forum would be inconvenient to third-party witnesses, a court should consider the materiality of their testimony and whether they can provide effective deposition testimony. *Adams v. Newell Rubbermaid Inc.*, 2007 WL 5613420, *3 (W.D. Wis. August 21, 2007).

Plaintiff's Complaint appears to raise claims primarily against Ohio Defendants and their alleged conduct as a market competitor of Type VIII plastic media. Due to the nature of Plaintiff's claims and the scope of the allegations concern the business practices and operations of Ohio Defendants, it is likely that a majority of necessary third-party witnesses reside in Ohio. Should these witnesses be compelled to testify by the forum court, travel and expenses related to litigation are far more costly if such witnesses must testify in Wisconsin. In light of these public-interest considerations, venue is appropriate in the state of Ohio.

### c. Interests of Justice

In weighing a motion to transfer venue, a court must look beyond the convenience of one party to determine whether transfer will promote the interests of justice. *Coffey*, 796 F.2d at 219-20. Factors traditionally considered in an "interest of justice" analysis relate to the efficient administration of the court system. *Id.*, at 222. For example, the interest of justice may be served by a transfer to a district where the litigants are most likely to receive a speedy trial and the relative

7

familiarity of the courts with the applicable law. *Id.*; see also *Wins Equipment, LLC*, 668 F.Supp.2d at 1155.

Plaintiff's Complaint raises various commercial and contractual claims. No concerns remain immediately apparent about the Ohio judicial courts' ability to apply applicable law to Plaintiff's claims.

In the totality of the circumstances, because the convenience of the parties and witnesses and the interests of justice weigh in favor of transferring venue to Ohio, this Court should grant Defendants' Motion.

## II. **CONCLUSION**

For all the foregoing reasons, the Court should enter an order dismissing the Complaint in its entirety under Rule 12(b)(3). In the alternative, this action should be transferred to the Northern District of Ohio, Eastern Division, under 28 U.S.C. § 1404(a).

Respectfully submitted,

/s/Laura L. Mills
Laura L. Mills (0063011)
*Counsel for Defendants US Technology Corporation and Raymond Williams*
MILLS, MILLS, FIELY & LUCAS
101 Central Plaza South, Suite 1200
Canton, Ohio 44702
Phone: (330) 456-0506
Fax: (855) 764-3543
lmills@mmfllaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon all Counsel of Record via Electronic Mail this 17th day of November, 2020, to the following:

Timothy M. Hansen, Esq.
Hansen Reynolds, LLC
301 N. Broadway Ste. 400
Milwaukee, WI 53202
VIA EMAIL thansen@hansenreynolds.com

Sarah Troupis Ferguson, Esq.
Hansen Reynolds, LLC
10 E. Doty St. Ste 800
Madison, WI 53703
VIA EMAIL seferguson@hensenreynolds.com

Jeffrey R. Rosenberg, Esq.
Gerard Cook, Esq.
650 Dundee Rd., 4th Floor
Northbrook, IL 60062
VIA EMAIL jrosenberg@okgc.com and gcook@okgc.com

*Counsel for Plaintiff, Solidstrip, Inc.*

Joshua Sabert Lowther, Esq.
Constance Cooper, Esq.
Lowther Walker LLC
101 Marietta St. NW Ste 3325
Atlanta, GA 30303
VIA EMAIL jlowther@lowtherwalker.com and ccooper@lowtherwalker.com

*Counsel for Defendants US Technology Media Corporation
And Anthony Giancola*

        /s/Laura L. Mills
        Laura L. Mills, Esq. (0063011)