UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SOLIDSTRIP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 20-CV-822 |
| | ) |
| U.S. TECHNOLOGY | ) |
| CORPORATION, RAYMOND F. | ) |
| WILLIAMS, U.S. TECHNOLOGY | ) |
| MEDIA CORPORATION, | ) |
| ANTHONY GIANCOLA, MARK | ) |
| E. CUNDIFF, MISSOURI GREEN | ) |
| MATERIALS, DARYL DUNCAN, | ) |
| And PENNY DUNCAN, | ) |
| | ) |
| Defendants | ) |

## DEFENDANT ANTHONY GIANCOLA AND U.S. TECHNOLOGY MEDIA'S MOTION TO DISMISS OR TRANSFER VENUE

Defendants Anthony Giancola and U.S. Technology Media (hereinafter "Defendants") respectfully request this Honorable Court to dismiss this action pursuant to Fed. Civ. R. 12(b)(3) and 28 U.S.C. § 1391 or transfer the action, pursuant to the doctrine of *forum non conveniens* and 28 U.S.C. § 1404 to the United States District Court of the Northern District of Ohio, Eastern Division.

### I. OPERATIVE FACTS AND PROCEDURAL HISTORY

#### a. Operative facts

Plaintiff correctly surmises in its complaint that Defendant Anthony Giancola, CEO of U.S. Technology Media Corporation, is a resident of Ohio. Compl. ¶ 10, ECF No. 1. Mr. Giancola resides in Ashtabula, Ashtabula County, Ohio, which is within the United States District Court of the Northern District of Ohio, Eastern Division. Plaintiff also correctly notes

1

that U.S. Technology Media is an Ohio corporation that has its principal place of business in Bolivar, Tuscarawas County, Ohio, a county also served by the Eastern Division of the Northern District of Ohio. Defendant U.S. Technology is an Ohio corporation, with its principal place of business in Canton, Stark County, Ohio, within the Eastern Division of the Northern District of Ohio. Compl. ¶¶ 7-8, ECF No. 1. Defendant Raymond Williams also is an Ohio resident. Compl. ¶ 9, ECF No. 1.

None of the events, acts, omissions, or any other factual allegations in Plaintiff's complaint have any indication of having occurred in Wisconsin.[1] Compl. ¶¶ 26–28, 72, 87, 103, 107, 125, 127, ECF No. 1. Defendants Missouri Green Materials, Daryl Duncan, and Penny Duncan are all residents of Missouri. Compl. ¶¶ 12–14. Defendant Mark E. Cundiff is a resident of Georgia. Compl. ¶ 11. Plaintiff's status as a Wisconsin corporation appears to be the sole tie this case has to the state of Wisconsin. Compl. ¶ 7. Plaintiff maintains, however, that venue is proper in Wisconsin because "Defendants do business and/or hold themselves open to doing business throughout the United States." Compl. ¶ 16. This single sentence in the twenty nine pages of Plaintiff's complaint is the sole reference to Defendants' ties to Wisconsin.

### b. Procedural history

This action was initiated on September 8, 2020. Compl. ECF No. 1. On October 18, 2020, Plaintiff and Defendants Anthony Giancola and U.S. Technology Media entered into a stipulation that responsive pleadings should not be due until November 12, 2020. Stipulation to Extend Time to File Responsive Pleadings, ECF No. 15. This Court entered an order on that stipulation on October 19, 2020. Plaintiff and Defendants Anthony Giancola and U.S. Technology Media agreed again on November 10, 2020 to move the date responsive pleadings

---

[1] Plaintiff does make the broad allegation that "some of the acts giving rise to the present action occurred in the district," but fails to present supporting facts. Compl. ¶ 17, ECF No. 1.

should be due to December 3, 2020, and this Court granted approval. Motion for Extension of Time, ECF No. 23; Order on Motion for Extension of Time, ECF No. 23. This motion is timely.

## II. ARGUMENT AND CITATION OF AUTHORITY

In a diversity jurisdiction action such as this one (Compl. ¶ ECF No. 15) a suit may only be brought in:

(1) a judicial district where any defendant resides, if they all reside in the same State,

(2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated**, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, **if there is no district in which the action may otherwise be brought.**

Farmer v. Levenson, 79 F. App'x 918, 920 (7th Cir. 2003) (quoting 28 U.S.C. ¶ 1391(b)) (emphasis added). Fed. Civ. R. 12(b)(3) permits a defendant to move for dismissal if the action was filed in an improper venue to hear the case. If the venue requirements of 28 U.S.C. ¶ 1391 are not satisfied, venue is considered "wrong" and dismissal pursuant to Fed. Civ. R. 12(b)(3) is warranted. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 50 (2013). The Judiciary and Judicial Procedure Code ameliorates for such dismissal by providing cure for waiver of defects under 28 U.S.C. § 1406. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

Plaintiff rests its assertion of that jurisdiction and venue are proper on three conclusory paragraphs.

Venue lies in this district pursuant to 28 U.S.C. § 1391, because all Defendants do

3

> business and/or hold themselves open to doing business throughout the United
> States and, for some Defendants, also abroad.
>
> Venue additionally lies in the district pursuant to 28 U.S.C. § 1391 because some
> of the acts giving rise to the present action occurred in the district.

Compl. 16–17, ECF No. 1. No assertion is made that "a substantial part of the property that is the subject of this action" lies in Wisconsin. 28 U.S.C. ¶ 1391(b). No allegation is made that a substantial part of the acts or omissions giving rise to this action occurred in Wisconsin. Therefore, this action properly should be dismissed or transferred as required by Fed. Civ. R. 12(b)(3) and 28 U.S.C. § 1406.

Of the nine parties to this action, four are Ohio residents (U.S. Technology Corporation, Raymond Williams, U.S. Technology Media Corporation, and Anthony Giancola), three are Missouri residents (Missouri Green Materials, Daryl Duncan, and Penny Duncan), one is a Georgia resident (Mark Cundiff), and one is a Wisconsin resident (Plaintiff). Even if venue is proper before this Court, transfer of the case may occur under the doctrine of *forum non conveniens* pursuant to 28 U.S.C. § 1404(a). Upon a proper § 1404(a) motion, district courts should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor transfer. *Atl. Marine Const. Co.*, 571 U.S. at 52. Here, no such extraordinary circumstances exist. Of the three states in which the parties reside—Ohio, Georgia, and Missouri—a majority of parties reside in Ohio. Further, this matter arises from the manufacture of plastic blast media which occurred in Ohio, at the places of business of U.S. Technology and U.S. Technology Media. In considering the convenience of third-party witnesses who must be compelled to testify in this matter, Ohio is likely to be the most convenient forum.

### III. CONCLUSION

For the foregoing reasons, Defendants pray this Honorable Court to order dismissal of Plainitff's Complaint under Rule 12(b)(30 and 28 U.S.C. § 1391 or transfer the action, pursuant to 28 U.S.C. § 1404 to the United States District Court of the Northern District of Ohio, Eastern Division pursuant to the doctrine of *forum non conveniens*.

Respectfully submitted this 30th day of November, 2020.

**Lowther | Walker LLC**

*s/ Joshua Sabert Lowther, Esq.*
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
O 404.466.4052 | M 912.596.2935
jlowther@lowtherwalker.com

*s/ Constance Cooper, Esq.*
Constance Cooper, Esq.
Ga. Bar # 469041
O 404.466.4052 | M 912.650.3973
ccooper@lowtherwalker.com

101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
http://www.lowtherwalker.com
Attorneys for Defendants
US Technology Media Corporation
Anthony Giancola